**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2246
_____

ASIA JOHNSON,
                                          Appellant

v.

CHRISTOPHER WYLIE; ALEKSANDR KOGAN; JOHN BOLTON;
CAMBRIDGE ANALYTICA

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-00415)
District Judge:  Honorable Joy Flowers Conti

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 19, 2018
Before:  RESTREPO, BIBAS and NYGAARD, Circuit Judges

(Opinion filed: August 2, 2018)
_____

OPINION*
_____

PER CURIAM

    Asia Johnson appeals the District Court's order dismissing her complaint as

frivolous.  For the reasons below, we will summarily affirm the District Court's order.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In her complaint, Johnson named Aleksandr Kogan, Christopher Wylie, John Bolton, and Cambridge Analytica as defendants. She asserted that the basis for jurisdiction was the First Amendment and "royal law." In the statement of the claim, she wrote, "2016 my facebook was took with only police access all my information was exposed my address my phone number for me and my family photos of us my son and I ID was exposed." The District Court dismissed the complaint sua sponte before service as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Johnson filed a timely notice of appeal.

Our review of a District Court decision dismissing a complaint as frivolous is plenary. Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). An action or appeal can be frivolous for either legal or factual reasons. Neitzke v. Williams, 490 U.S. 319, 325 (1989). We may also affirm the District Court on any ground supported by the record. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). The District Court may dismiss a complaint under § 1915(e)(2)(B) for failure to state a claim.

We agree with the District Court that Johnson's complaint was properly dismissed under § 1915(e)(2)(B). Johnson alleged no specific actions taken by the defendants which caused her any harm. Thus, she failed to state a claim against the defendants. Nor did the District Court err in not allowing Johnson to amend her complaint. While generally a plaintiff should be given leave to amend a complaint subject to dismissal, the District Court correctly determined that allowing Johnson leave to amend her complaint would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d

2

Cir. 2002). Based on her allegations, there are no additional facts Johnson could plead that would overcome the deficiencies in her complaint.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6.